■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK JOHN ROBUSTELLI, Appellant.—Appeal from a judgment of the County Court of Sullivan County, rendered April 9, 1979, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree. On October 1, 1976, State Police Investigator Trotta received a telephone call from an anonymous source who reported that a tractor trailer was parked off State Route 209 in the Town of Mamakating near an abandoned sawmill. The officer, recalling a recent teletype report from Vestal, New York, of a stolen vehicle of such type bearing the name "Branch", went to investigate. He walked down a driveway, found a sawmill and attempted to make inquiry at two nearby buildings. No one answered his knocks on the door. While walking in a southerly direction, he noticed a man through the bushes and trees, on adjacent property to the east of him. He walked further and observed a tractor trailer unit which was being unloaded by two men. It was not established at the suppression hearing or trial whose property he was walking on or whose property the tractor trailer was on. He was unable to observe the license plates, but saw the marking "Branch" on the vehicle. He then returned to his vehicle, called for help, and eventually he and two uniformed officers proceeded in a State Police vehicle down a driveway to where the tractor trailer was standing in an opening of the otherwise heavily wooded area. As they came upon the clearing, they saw two men unloading the truck. Officer Trotta read the plate of the vehicle and communicated with Middletown headquarters to check its ownership. He received verification that the truck was stolen and he directed the two uniformed officers, who were approaching the defendant and the other man,* to arrest them as the vehicle was stolen. The two men were placed under arrest. The officers looked into a carton which they removed from the trailer and saw that it contained smaller boxes containing shoes. The two officers were then sent to a Magistrate to secure a search warrant for the building located nearby. The officers had observed the defendant unloading the trailer and carrying cartons into this building. Returning armed with a search warrant for the building, the officers entered it and confiscated cartons containing shoes. The defendant, on appeal, contends that the truck and its contents and the fruit of the search of the building should have been suppressed because the State Police had no justification for intruding on the property and seizing the tractor trailer and

---

* The codefendant died before a disposition of the case.

its contents. We disagree. Officer Trotta's initial observations of the area in which the tractor trailer stood did not intrude on any interest or expectation of privacy possessed by the defendant. The observations made by the officer are not embraced by the concept of search or seizure *(People v Spinelli,* 35 NY2d 77, 81). Having observed this huge vehicle secreted in so unlikely an area, the word "Branch" on its side and defendant's activity in unloading the vehicle and adding to this his knowledge that a vehicle of such type had very recently been reported stolen, he was justified to make further inquiry. Suspicious though the circumstances were, the officer at this point did not have probable cause to secure a warrant. Not every entry on private property is forbidden by the Fourth Amendment. Certainly, some limited intrusion is permissible for legitimate inquiries. A person is entitled to remain safe from searches of his property in those areas in which he has a legitimate expectation of privacy *(Rakas v Illinois,* 439 US 128). The expectation of privacy, however, does not include some subjective expectation of not being discovered. When Officer Trotta entered the premises with two uniformed officers down the driveway leading to a house, he did not violate a legitimate expectation of privacy of the defendant. It was apparent that persons wishing to make inquiries of those owning or in possession of the property would enter along the driveway. Having entered legitimately, and having once viewed the plate of the vehicle which established its contraband nature, the officers had probable cause to arrest the defendant and to seize the vehicle and its contents. The People established that a crime was in progress. The search of the truck by the officers was incidental to a valid arrest and, therefore, legal *(People v Fitzpatrick,* 32 NY2d 499). Additionally, the crime involved a moving vehicle which could have easily been spirited away and its immediate seizure was, therefore, indicated. Time was of the essence justifying a seizure without a warrant *(People v Vaccaro,* 39 NY2d 468). We find the defendant's other arguments to be without merit. Judgment affirmed. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.